UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CYRUS RADCLIFF, JR.,

**Plaintiff,**

v.                4:10-CV-150

DOLGENCORP, LLC, and LEAH JOHNSON,

**Defendants.**

## ORDER

Defendant Dolgencorp, LLC, has moved to consolidate the present case with the case styled *Cyrus Radcliff, Sr. v. Dolgencorp, LLC*, Case No. 4:10-cv-148. *See* Doc. 9.[1]

Plaintiff Cyrus Radcliff, Jr., alleges that on September 7, 2008, he and his father were subjected to racial discrimination by the employees of a store owned by Defendant. *See* Doc. 1 at 7-10. Plaintiff claims that Defendant's employees attempted to block Plaintiff and his father from entering the store, subjected both to racial invective, and then banned them from Defendant's store because of their race. *See id.*

On June 7, 2010, Plaintiff and his father filed separate actions in Chatham County Court against Defendant. *See id.* at 6-20; *Cyrus Radcliff, Sr. v. Dolgencorp, LLC*, No. 4:10-cv-148, Doc. 1-1 at 2-16. The complaints allege identical facts and raise identical claims. *See* Doc. 1 at 6-20; *Cyrus Radcliff, Sr. v. Dolgencorp, LLC*, No. 4:10-cv-148, Doc. 1-1 at 2-16. Defendant removed both actions to this Court. *See* Doc. 1; *Cyrus Radcliff, Sr. v. Dolgencorp, LLC*, No. 4:10-cv-148, Doc. 1.

Defendant now argues that the cases of father and son should be consolidated because "the legal and factual issues relating to the parties' claims and defenses in each suit are identical" and "the attorneys representing each Plaintiff and [Defendant] in both lawsuits are the same." Doc. 9, ¶¶ 2, 3. Plaintiff agrees that pretrial matters should be consolidated, but requests that each plaintiff receive a separate trial to avoid prejudice in the awarding of punitive damages. *See* Doc. 11 at 2-7.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions; or issue any orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)-(3). Rule 42(a) codifies a trial court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006. 1012 (5th Cir. 1977)). Accordingly, "[a] district court's decision under Rule 42(a) is purely discretionary." *Id.*

Nevertheless, courts have "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Id.* (quoting *Dupont v. S. Pac.*

---

[1] Unless otherwise noted, all references to filed documents relate to the above-styled case, No. 4:10-cv-150.

*Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (citing *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)).

In determining whether to consolidate cases, a court should consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications . . ., the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits . . ., and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). The court should also consider "the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions . . . and controlling the manner in which the plaintiffs' claims . . . are submitted to the jury for deliberation." *Id.*

Here, both cases state identical factual allegations and claims, and the attorneys for each side are the same in both lawsuits. *See* Doc. 1 at 3, 6-20; *Cyrus Radcliff, Sr. v. Dolgencorp, LLC*, No. 4:10-cv-148, Doc. 1 at 3 and Doc. 1-1 at 2-16. Neither party contests that consolidation will "expedite the trial and eliminate unnecessary repetition and confusion." *See Hendrix*, 776 F.2d at 1495 (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). In fact, Plaintiff is willing to consolidate all pretrial matters. *See* Doc. 11 at 2. Plaintiff argues only that a consolidated trial risks prejudicing the jury's award of punitive damage to Plaintiff, and that this risk of prejudice outweighs a consolidated trial's gains in expediency. *See id.* at 3-6.

The Court finds that it can allay Plaintiff's fears of prejudice without sacrificing judicial resources to conduct separate trials. Since Plaintiff fears prejudice in the jury's award of punitive damages, the Court will require the jury to render separate verdicts for Plaintiff and his father. During trial, however, neither Plaintiff nor his father will be prejudiced by one jury adjudicating identical claims that arise from the same occurrence. It is therefore unnecessary to risk inconsistent outcomes and burden judicial resources with separate trials.

For the foregoing reasons, Defendant's Motion to Consolidate is ***GRANTED***.

This 27th day of September 2010.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA